UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA ZAWOSKY BACHTEL, *et al.*, | : | Case No. 1:15-cv-434 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| NANCY BARKER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER (1) FINDING THAT THIS COURT HAS SUBJECT MATTER JURISDICTION; AND (2) ESTABLISHING AN EXPEDITED SCHEDULE FOR BRIEFING ON PERSONAL JURISDICTION AND VENUE**

This civil action is before the Court on Plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") (Doc. 2), Plaintiffs' motion for expedited discovery (Doc. 3), and the parties' responsive memoranda (Docs. 18, 19, 20).

### I. FACTUAL AND PROCEDURAL HISTORY[1]

Andrew Zawosky – the Decedent – died on August 24, 2014. (Doc. 1 at ¶ 18). Plaintiff Andrea Zawosky Bachtel is Decedent's only child. (*Id.* at ¶ 20). Plaintiffs Alycia Bachtel, Briana Bachtel, and Nicholas Zawosky are Decedent's only grandchildren, as they are children of Plaintiff Andrea Zawosky Bachtel. (*Id.* at ¶ 21). Defendant Nancy Barker is Decedent's sister. (*Id.* at ¶ 23).

---

[1] The Court recounts only those allegations necessary to determine whether it has subject matter jurisdiction.

Plaintiffs were named as beneficiaries in a trust agreement (the "Original Trust") executed by Decedent on November 29, 2006. (Doc. 1 at ¶ 22; *see also* Doc. 2-1 at ¶¶ 5.1–5.5). Plaintiffs allege that Decedent was incapacitated following brain surgery in 2010 and that he was incompetent and a victim of Defendant's influence at the time he executed an amended trust agreement (the "Amended Trust") in 2014. (*See id.* at ¶¶ 26–36). Plaintiffs also allege that Amended Trust is fraudulent. (*Id.* at ¶¶ 41–47).

The Amended Trust expressly removes Plaintiffs as beneficiaries and provides that Defendant Barker is the trustee and principal beneficiary. (Doc. 2-3 at ¶¶ 5.1–5.5). Plaintiffs allege that Defendant relied on the Amended Trust as a means to obtain the role of personal representative in a pending probate action in Florida's Nineteenth Judicial Circuit, in and for Martin County, *In re Estate of Andrew Zawosky*, No. 14-652-CP. (*See* Doc. 1 at ¶ 39).

Accordingly, on June 30, 2015, Plaintiffs filed a complaint in this Court seeking to enjoin Defendant from taking any further action as trustee until this Court rules on the authenticity of the trust documents. (Doc. 1 at 12). Plaintiffs also seek a declaration that the Original Trust is the legal and enforceable trust; a judgment finding that the Amended Trust is invalid and was created under duress and undue influence, or, in the alternative, was a fraudulent document; a judgment finding that Defendant breached her fiduciary duty to Decedent; and an order requiring Defendant to produce an accounting of the trust.

(*Id.*)  Plaintiffs assert that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  (Doc. 1 at ¶ 2).[2]

Plaintiffs have moved this Court for a TRO and PI (Doc. 2)[3] and expedited discovery (Doc. 3).  By Agreed Order, until the Court has an opportunity to rule on Plaintiffs' motion for a TRO and PI (Doc. 2), Defendant will refrain from taking any action as trustee (including appointing, assigning her duties as, or designating any other trustee), except that she may retain an attorney to represent her in her capacity as trustee, and authorize the payment of such.  (Doc. 5 at ¶ 1; *see also* Doc. 17).

In her response in opposition to Plaintiff's motion for a TRO and PI (Doc. 18), Defendant argues that this civil action falls within the "probate exception" to federal

---

[2] Specifically, Plaintiffs allege that they are citizens of and reside in Ohio and that Defendant is a citizen of and resides in Florida.  (Doc. 1 at ¶¶ 3, 4).  Plaintiff also alleges that the amount in controversy, exclusive of interests and costs, exceeds $80,000.  (*Id.* at ¶ 9).  Defendant has not challenged the residency nor the amount-in-controversy allegations.  (*See* Doc. 18).

[3] Specifically, Plaintiffs seek a TRO and PI:

> against Defendant, her agents, and other persons who are in active concert or participation with Defendant, for her benefit or on behalf of any person, corporation, partnership, or entity whatsoever:
>
> A. Enjoining Defendant from executing any and all actions as Trustee of the "purported amended Trust" of Andrew Zawosky;
>
> B. Enjoining the Defendant from executing any and all documents in her capacity as "trustee" having to do with any documents, assets, monies, or any item having to do with the "Andrew Zawosky Trust" as amended;
>
> C. Taking any action what-so-ever in a capacity as "Trustee" for the Andrew Zawosky Trust" as amended, included but not limited to signing over her duties as "Trustee" to any successor Trustee;
>
> Until further order of this Court.

(Doc. 2 at 6).

3

subject matter jurisdiction.[4] The Court construes Defendant's argument regarding the applicability of the "probate exception" as a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1).

## II. STANDARD OF REVIEW

There are generally two types of motions challenging subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted). A Rule 12(b)(1) motion can attack a party's claim of jurisdiction on its face or the motion can attack the factual basis for a claim of jurisdiction. *Id.* A facial attack questions the sufficiency of the pleading. *Campbell v. Miller,* 835 F.Supp.2d 458, 463 (S.D. Ohio 2011) (citing *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320 (6th Cir. 1990)). When reviewing this type of challenge to the court's jurisdiction, the court must take the allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *Id.* (citing *United States v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721–22 (6th Cir. 1999)).

When a factual challenge is made under Rule 12(b)(1), the court considers evidence to determine if jurisdiction exists. *Campbell,* 835 F.Supp.2d at 463–64 (citing *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir. 2003)). The trial court must weigh the conflicting evidence to make this determination. *Id.* (citing *Gentek Bldg. Products, Inc. v. Sherwin–Williams Co.,* 491 F.3d 320, 330 (6th Cir.2007)). When a factual attack is made, the non-moving party bears the burden of proving that jurisdiction

---

[4] Following an informal status conference by telephone, the Court ordered Defendant to address this Court's jurisdiction in her memorandum in opposition. (*See* July 2, 2015 Minute Entry and Notation Order).

exists. *Id.* (citing *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir. 2005)). In such a case, there is no presumption of truthfulness on behalf of the non-moving party. *Id.* (citing *A.D. Roe Co., Inc.,* 186 F.3d at 722).

Here, Defendant's challenge to this Court's subject matter jurisdiction in this case is properly construed as a factual attack. The Court must therefore consider the evidence presented to resolve the jurisdictional issue presented by the motion to dismiss.

### III.    ANALYSIS

#### A. Subject Matter Jurisdiction

In *Carpenters' Pension Trust Fund-Detroit & Vicinity v. Century Truss Co.*, No. 14-11535, 2015 WL 1439868 (E.D. Mich. Mar. 27, 2015), the district court undertook a thorough review of case law related to the probate exception. This Court adopts that review, as set forth below:

> "In *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946), the Supreme Court declared that under the probate exception, "a federal court has no jurisdiction to probate a will or administer an estate." This restriction on federal jurisdiction was limited. The Supreme Court held that federal courts could entertain suits as long as they did not "interfere with the probate proceedings or assume general jurisdiction of the probate or control the property in the custody of the state court." *Id.*
>
> Post-*Markham*, federal courts struggled to define what constituted "interfering with" a state's probate proceedings. *See* Allison Elvert Graves, *Marshall v. Marshall: The Past, Present, and Future of the Probate Exception to Federal Jurisdiction*, 59 Ala. L.Rev. 1643 (2008). Lower courts created three basic tests to determine whether a claim would "interfere with probate proceedings", the "route test", the "nature of the claim test", and the "practical test." *Id.* at 1645.

5

Under the route test, courts looked at "whether the suit could have been brought in a state court of general jurisdiction as well as in a probate court." If it could be brought in both courts, the probate exception would not apply. *Id.*; *see also Reinhardt v. Kelly,* 164 F.3d 1296, 1300 (10th Cir. 1999).

Under the nature of the claim test, courts held that the probate exception applied where the court had to "adjudicate the validity of a will in order to resolve the claim." *Marshall*, 59 Ala. L.Rev. at 1645. Where the validity of the will was not in question, courts held that the probate exception did not apply. *See Rice v. Rice Found.*, 610 F.2d 471, 476 (7th Cir. 1979).

Lastly, under the practical test, courts held that the probate exception barred federal courts from "exercising jurisdiction [where] the claim [was] 'ancillary to probate'" *Marshall,* 59 Ala. L.Rev. at 1646. A claim was ancillary to probate if "allowing [the suit] to be maintained in federal court would impair the policies served by the probate exception." *Dragan v. Miller*, 679 F.2d 712, 715 (7th Cir. 1986).

Against this backdrop, in *Marshall v. Marshall,* 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006), the Supreme Court revisited the probate exception and provided guidance that helps to define the contours of the exception. In *Marshall,* the Court explained that the probate exception, like the domestic relations exception, is a judicially-created doctrine "stemming in large measure from misty understandings of English legal history." *Id.* at 299. The Court then clarified that under the probate exception, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res.*" *Id.* at 311. "Thus, the probate exception reserves to the state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312.

Hence, under *Marshall,* the key distinction to determining whether the probate exception applies is whether an action is *in rem*, against property, or *in personam*, against a person. An action *in rem* is "[a]n action determining the title to property and the rights of the parties . . . a real action." Black's Law Dictionary (10th ed. 2014). An action *in personam* is "[a]n action brought against a person rather than property." *Id.*

6

>The Sixth Circuit applied this distinction in *Wisecarver v. Moore*, 489 F.3d 747 (6th Cir. 2007) and held that the probate exception did not apply to the *in personam* claims in the case. In *Wisecarver*, plaintiffs sued alleging that the defendants had exerted undue influence on the testator leading to an improper bequest from the testator to the defendants. *Id.* at 748. The plaintiffs sought to recover all the assets that the defendants received under the will, as well as assets the defendants had received from the testator during his last two years of life. *Id.* at 749. The defendants claimed that the federal court lacked jurisdiction to entertain the suit. *Id.*
>
>Relying on the Supreme Court's decision in *Marshall*, the Sixth Circuit held that "to the extent that Plaintiffs' claims seek *in personam* jurisdiction over the Defendants, and do not seek to probate or annul a will, the probate exception does not apply." *Id.* at 750.
>
>As such, the Sixth Circuit held that the probate exception did not bar plaintiffs' *in personam* claims against the defendants for assets transferred to the defendants during the testator's lifetime since these assets were not part of the probate estate. *Id.* The Sixth Circuit explained that these claims did not implicate the purposes of the probate exception because "these claims do not interfere with the *res* in the state court probate proceedings or ask a federal court to probate or annul a will." *Id.* at 751 (italics in original).
>
>However, the Sixth Circuit held that plaintiffs' claims against the estate were barred since these claims "would require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of the assets." *Id.* at 751. Since these claims were *in rem,* they affected the possession of property in the custody of the state court. *Id.*"

*Carpenters' Pension Trust Fund-Detroit & Vicinity*, 2015 WL 1439868, at *4–5

(emphasis supplied).

With these principles in mind, this Court turns to the present case.

As an initial matter, the Court notes that Plaintiffs do not ask the Court to probate or annul a will or administer Decedent's estate. Nor do they ask the Court to dispose of property that is in the custody of the Florida probate court. Moreover, Plaintiffs do not bring their claims against the Decedent's estate itself, but rather against Defendant Nancy

7

Barker, in her individual capacity and her capacity as trustee. Further, trusts have historically been subject to federal jurisdiction, and "[m]any, if not most, courts have held that the probate exception does not apply to actions involving trusts." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 848 (6th Cir. 2006).[5]

In seeking to dismiss, Defendant argues that the Court's exercise of jurisdiction in this case would interfere with the Florida probate court's jurisdiction in three ways: (1) the relief sought by Plaintiffs would lead to the removal of Defendant as personal representative of Andrew Zawosky's estate; (2) this Court's judgment on the validity of the Amended Trust could be inconsistent with that of the Florida probate court; and (3) an order freezing the Trust's assets would likely prevent payment of Andrew Zawosky's estate's expenses. The Court addresses these arguments in turn.

### 1. Removal of Personal Representative

Defendant argues that she was appointed personal representative of Decedent's estate by the Florida probate court because, pursuant to the Amended Trust, she is the trustee and principal beneficiary of the trust and, therefore, has a majority interest in the

---

[5] *See also Schembechler v. Schembechler*, No. 1:09-CV-803-HJW, 2011 WL 1043457, at *4 (S.D. Ohio Mar. 17, 2011) (concluding that resolution of claims for information about the administration of a trust would not interfere with probate of the estate in Florida); *Kiser v. Olsen*, No. 2:14-CV-2313, 2015 WL 507496, at *4 (S.D. Ohio Feb. 6, 2015) *report and recommendation adopted*, No. 2:14-CV-2313, 2015 WL 875148 (S.D. Ohio Mar. 2, 2015) (The administration or execution of the terms of an *inter vivos* trust does not create the problem that a federal court would be interfering with property already subject to the jurisdiction of another court "because the trust property is not being administered or distributed through proceedings in a state probate court; . . . the property never was, nor could it ever become, part of the decedent's estate.").

8

estate under Florida law. *See* Fla. Stat. § 733.301(1)(a).[6] Defendant argues that if Plaintiffs prevail, and garner a declaration that the Amended Trust is invalid, Defendant would be removed as trustee and, as a result, lose standing to serve as personal representative of the estate in the Florida action.

Because Defendant does not note which subsection of the above-cited Florida statute applies, nor provide a copy of Decedent's will, this Court cannot discern the connection between Defendant's role as trustee and her appointment as personal representative. A federal court lacks jurisdiction to appoint or remove a personal representative. *See Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 895–96 (C.D. Cal. 2014) (citations omitted). However, Plaintiffs do not ask this Court to remove Defendant as personal representative. Instead, they seek a declaration as to the validity of the Amended Trust. Whether such a declaration would impact the Defendant's appointment as personal representative is a matter for the Florida probate court to

---

[6] That statute provides as follows:

> (1) In granting letters of administration, the following order of preference shall be observed:
>
> (a) In testate estates:
>
> 1. The personal representative, or his or her successor, nominated by the will or pursuant to a power conferred in the will.
>
> 2. The person selected by a majority in interest of the persons entitled to the estate.
>
> 3. A devisee under the will. If more than one devisee applies, the court may select the one best qualified.

Fla. Stat. § 733.301.

9

decide.[7]

## 2. Inconsistent Judgments

Defendant argues that three of the four Plaintiffs are already challenging the validity of the Amended Trust in the Florida action. (*See* Doc. 18-1 at 11–20). However, the cited documents indicate that Plaintiffs are challenging Defendant's appointment as *personal representative* in that action <u>because the proffered basis for her appointment (that she was nominated in the will) is false</u>. (*Id.*) Defendant has not presented evidence that the Florida probate court has been tasked with determining the validity of the Amended Trust.[8] Accordingly, there does not appear to be a risk of inconsistent judgments.

---

[7] Defendant also cites to *Jones v. Harper*, 55 F. Supp. 2d 530, 534 (S.D. W. Va. 1999). There, the court applied the probate exception to a breach of fiduciary duty claim where a decision against the defendant could have resulted in his removal as personal representative. *Id.* ("However, because a personal representative may be removed from administering the estate for failing to pursue a wrongful death claim, the Court believes that this issue is inexorably intertwined with the administration of the estate. Considering that the Court lacks jurisdiction to remove the personal representative, the interests of judicial economy and federalism prohibit the Court from passing on this issue as well."). However, the *Jones* case was decided before the Supreme Court's decision in *Marshall* and, therefore, is of limited precedential value.

[8] Defendant argues that Plaintiffs are pressing for discovery in the Florida probate action because they are challenging the impact (and validity) of the Amended Trust in that action. (Doc. 18-9). Plaintiffs moved to compel discovery responses in the Florida probate action. (*Id.*) In this motion, Plaintiffs note that their discovery requests "target the grounds for Respondent's [here, Defendant's] appointment as personal representative <u>coupled with</u> Petitioner's [here, Plaintiffs'] inquiry as to the execution of the purported amendment to the Trust which allegedly disinherits Petitioner as a beneficiary." (*Id.* at 3) (emphasis added). Even if Plaintiffs seek discovery on the execution of the Amended Trust (which seems to have been necessitated by Defendant's claim that Plaintiffs lack standing in the Florida probate action), it does not mean necessarily that Plaintiffs are challenging Defendant's appointment as personal representative on this ground. (*See id.* at 6).

### 3. Payment of Estate Expenses from Trust Assets

Under Florida law, if the assets of a decedent's estate are insufficient to pay for its obligations and administration, those expenses are paid out of a trust, such as the one at issue. *See* Fla. Stat. §§ 733.607(2), 736.05053(1).[9] Defendant argues that the estate has only minimal assets that are insufficient to cover necessary expenses, and trust assets will be needed to cover those expenses. (Doc. 18-3 at ¶ 23, pgs. 21–23).

Plaintiffs seek to enjoin Defendant from taking any further actions as trustee <u>until the Court rules on the validity of trust documents</u>. (Doc. 1 at 12). Thus, even if the Court finds that such relief is warranted, that finding would <u>not prevent</u> the payment of Decedent's estate's expenses; it would <u>merely delay</u> the payments.

In sum, Defendant's interference theories are not the types that were contemplated by the Supreme Court in *Marshall*, 547 U.S. 293. Plaintiffs have sued Defendant Nancy Barker, *in personam*, and do not seek to probate or annul a will. Accordingly, the probate exception does not apply. *See Wisecarver*, 489 F.3d at 750.

### B. Personal Jurisdiction and Venue

Defendant indicates that she has not been served with a summons or complaint, and "reserves her right" to challenge personal jurisdiction and venue. (Doc. 18 at 2, n.1). Defendant summarily notes that, if the Court determines that it has subject matter jurisdiction, the case should be dismissed for lack of personal jurisdiction or transferred to Florida, given that Defendant is a Florida resident, Decedent was a Florida resident,

---

[9] In fact, Paragraph 8.17 of the Amended Trust authorizes the trustee to pay the costs of administering the estate. (Doc. 33 at 8).

11

the trust was administered in Florida, the challenged Amended Trust was executed in Florida, and all of the claims alleged in the complaint arose in Florida. (*Id.*) Defendant does not offer any further argument on these issues.

A district court must assure itself that the requirements of both the state long-arm statute and the due process clause are met before the court can assert its jurisdiction over the person of the defendant. *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1216 (6th Cir. 1989). For this reason, the Court will require supplemental briefing, as described below.

### IV. CONCLUSION

Accordingly, for the foregoing reasons:

1. The Court has subject matter jurisdiction over this matter;

2. The Court *sua sponte* orders briefing on personal jurisdiction and venue. Defendant shall file an appropriate motion on or before 8/20/15; Plaintiffs shall file a response in opposition on or before 8/25/15;[10] Defendant shall file a reply, if any, on or before 8/28/15;

3. Although ripe, the Court will not rule on Plaintiffs' motion for a temporary restraining order and preliminary injunction (Doc. 2) or motion for expedited discovery (Doc. 3) until briefing on personal jurisdiction and venue has been completed.

**IT IS SO ORDERED**.

Date: 8/13/15                                                                                  *s/ Timothy S. Black*
                                                                                                     Timothy S. Black
                                                                                                     United States District Judge

---

[10] The Court notes that Plaintiffs addressed some aspects of personal jurisdiction in their Reply Memorandum. (*See* Doc. 20 at 15–16). The Court will consider Plaintiffs' arguments along with those made in the supplemental, expedited briefing.

12