UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA ZAWOSKY BACHTEL, *et al.*, | : | Case No. 1:15-cv-434 |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| NANCY BARKER, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
(Doc. 24)**

This civil action is before the Court on Defendant's motion to dismiss for lack of personal jurisdiction and improper venue (Doc. 24) and the parties' responsive memoranda (Docs. 26, 27).

## I.  BACKGROUND

Andrew Zawosky—the Decedent—died on August 24, 2014.  (Doc. 1 at ¶ 18). Plaintiff Andrea Zawosky Bachtel is Decedent's only child.  (*Id.* at ¶ 20).  Plaintiffs Alycia Bachtel, Briana Bachtel, and Nicholas Zawosky are Decedent's grandchildren, and the children of Plaintiff Andrea Zawosky Bachtel.  (*Id.* at ¶ 21).  Defendant Nancy Barker is Decedent's sister.  (*Id.* at ¶ 23).[1]  Plaintiffs are citizens of and reside in Warren

---

[1] Defendant ("Mrs. Barker") is named both in her individual capacity and in her capacity as a trustee.  (*See* Doc. 1).  She indicates that the Court may need to consider whether Edward Zawosky and Hillary McClain (Decedent's other grandchildren) must be joined as indispensable parties under Federal Rule of Civil Procedure 19, because they are remainder beneficiaries to the Amended Trust.  Based on the Court's decision in this Order, the Court declines to address whether joinder is required.

County, Ohio.  (*Id.* at ¶ 3).  Defendant is a citizen of and resides in Palm Beach County, Florida.  (*Id.* at ¶ 4).

Plaintiffs were named as beneficiaries in a trust agreement (the "Original Trust") executed by Decedent on November 29, 2006.  (Doc. 1 at ¶ 22; *see also* Doc. 2-1 at ¶¶ 5.1–5.5).  The Original Trust provides that it "has been accepted by the Trustee in the State of Ohio and shall be construed and regulated by the laws of Ohio."  (Doc. 2-1 at ¶ 11.2).  Decedent executed the Original Trust before a Darke County, Ohio notary.  (*Id.* at 10).

In 2010, Decedent underwent brain surgery at the Ohio State University Medical Center.  (Doc. 1 at ¶¶ 26, 29).  Plaintiffs claim that Decedent never recovered his mental capacity following this surgery.  (*Id.* at ¶¶ 31–33).  Plaintiffs allege that, in 2011 or 2012, Defendant removed Decedent from Ohio and placed him in a long-term care facility in Palm Beach Gardens, Florida.  (*Id.* at ¶¶ 26, 29).  Plaintiffs also allege that, in the final year of Decedent's life, Defendant removed Decedent from this facility and hid his whereabouts from Plaintiffs.  (*Id.* at ¶ 34).

Sometime after Decedent's death in August 2014, Plaintiffs became aware of an amended trust agreement (the "Amended Trust"), which was purportedly executed in April 2014.  (*See* Doc. 1 at ¶¶ 38–44; *see also* Doc. 2-3).  Plaintiffs allege that Decedent was incompetent and a victim of Defendant's influence at the time he executed the Amended Trust.  (*See* Doc. 1 at ¶¶ 26–36).  Plaintiffs also allege that the Amended Trust is fraudulent.  (*See id.* at ¶¶ 41–47).

The Amended Trust expressly removes Plaintiffs as beneficiaries and provides that Defendant is the trustee and principal beneficiary.  (*See* Doc. 2-3 at ¶¶ 5.1–5.5).  The Amended Trust provides that it "has been accepted by the Trustee in the State of Ohio and shall be construed and regulated by the laws of Ohio."  (*Id.* at ¶ 11.2).  Decedent purportedly executed the Amended Trust before a Martin County, Florida notary.  (*Id.* at 10).  Plaintiffs allege that Defendant relied on the Amended Trust as a means to obtain the role of personal representative in a pending probate action in Florida's Nineteenth Judicial Circuit, in and for Martin County, to wit: *In re Estate of Andrew Zawosky*, No. 14-652-CP.  (*See* Doc. 1 at ¶ 39).

On June 30, 2015, Plaintiffs filed a complaint in this Court.  Plaintiffs allege claims for injunctive relief, declaratory judgment, an accounting, undue influence, and breach of fiduciary duty.  (Doc. 1 at 11).  Plaintiffs seek the following relief: (1) an injunction enjoining Defendant from taking any further action as trustee until this Court rules on the authenticity of the trust documents; (2) a declaratory judgment finding that the Original Trust is the legal and enforceable trust; (3) a judgment finding that the Amended Trust is invalid and was created under duress and undue influence, or, in the alternative, is a fraudulent document; (4) a judgment finding that Defendant breached her fiduciary duty to Decedent; and (5) an order requiring Defendant to produce an accounting of the trust.  (*Id.* at 12).

Contemporaneously with their complaint, Plaintiffs moved the Court for a TRO and preliminary injunction (Doc. 2),[2] and for expedited discovery (Doc. 3).  By Agreed Order, until the Court has an opportunity to rule on Plaintiffs' motion for a TRO and preliminary injunction (Doc. 2), Defendant will refrain from taking any action as trustee (including appointing, assigning her duties as, or designating any other trustee), except that she may retain an attorney to represent her in her capacity as trustee, and she authorize the payment of such.  (Doc. 5 at ¶ 1; *see also* Doc. 17).[3]

On August 13, 2015, the Court determined that it has subject matter jurisdiction over the instant action.  (Doc. 23).[4]  The Court *sua sponte* ordered supplemental,

---

[2] Specifically, Plaintiffs seek a TRO and PI:

> Against Defendant, her agents, and other persons who are in active concert or participation with Defendant, for her benefit or on behalf of any person, corporation, partnership, or entity whatsoever:
>
> A. Enjoining Defendant from executing any and all actions as Trustee of the "purported amended Trust" of Andrew Zawosky;
>
> B. Enjoining the Defendant from executing any and all documents in her capacity as "trustee" having to do with any documents, assets, monies, or any item having to do with the "Andrew Zawosky Trust" as amended;
>
> C. Taking any action what-so-ever in a capacity as "Trustee" for the Andrew Zawosky Trust" as amended, included but not limited to signing over her duties as "Trustee" to any successor Trustee;

(Doc. 2 at 6).

[3] Since the parties have been maintaining the status quo since July 7, 2015, Plaintiffs' motion for TRO is essentially moot.  (*See* Doc. 5).

[4] The Court found that the "probate exception" to federal subject-matter jurisdiction does not apply. (Doc. 23).  The Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  (*Id.* at 3).

expedited briefing on personal jurisdiction and venue. In response, Defendant has moved the Court to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue (Doc. 24; *see also* Doc. 27), which motion Plaintiffs oppose (Doc. 26).

## II.    STANDARD OF REVIEW

Before addressing Plaintiffs' motion for a TRO and preliminary injunction (Doc. 2), the Court must consider the issue of personal jurisdiction. *See, e.g.*, *Action Freight Servs., LLC v. Thorne*, No. 07-12553, 2007 WL 1830783, at *1 (E.D. Mich. June 22, 2007) (citing *Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 (6th Cir. 2006)).[5] Plaintiffs bear the burden of establishing personal jurisdiction. *Mich. Nat'l Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir. 1989). In deciding whether personal jurisdiction exists, a court has discretion to hold a hearing or to rely on the affidavits and factual allegations in the pleadings. *Id.*

Where, as here, the court relies solely on written submissions and affidavits, plaintiffs "need only make a *prima facie* showing of jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Nevertheless, if the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, "by affidavit or otherwise[,] . . . specific facts

---

[5] *See also Catalog Mktg. Servs., Ltd. v. Savitch*, No. 88-3538, 1989 U.S. App. LEXIS 22172, at *2 (4th Cir. Apr. 24, 1989) ("Generally a plaintiff must only make a *prima facie* showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction; however, when injunctive relief is sought, a stronger showing must be made. The Second Circuit has held that when a preliminary injunction is requested, the plaintiff must demonstrate that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.") (internal citations and quotation marks omitted).

showing that the court has jurisdiction." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In ruling on a 12(b)(2) motion, the "court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen,* 282 F.3d at 887. A court must construe the facts presented in the pleadings and affidavits in the light most favorable to the nonmoving party. *See Serras*, 875 F.2d at 1214.

## III. ANALYSIS

When the court's jurisdiction is founded on diversity of citizenship, the court can exercise personal jurisdiction over a defendant only if personal jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo Sys., Inc. v. cab Produkttechnik GmbH & Co. KG*, 196 Fed. App'x 366, 369 (6th Cir. 2006) (quoting *Neogen,* 282 F.3d at 888).

### A. Ohio Trust Code

The Ohio Trust Code provides that "[b]y accepting the trusteeship of a trust having its principal place of administration in this state or by moving the principal place of administration to this state, the trustee submits personally to the jurisdiction of the courts of this state regarding any matter involving the trust." Ohio Rev. Code ("O.R.C.") § 5802.02(A). Under the Ohio Trust Code, a "trust's principal place of administration ordinarily will be the place where the trustee is located." Official Comment to O.R.C. § 5801.07.

Defendant has lived in Florida for many years, and has always administered the trust in Florida.  (*See* Doc. 24-2 at ¶¶ 2–3, 7, 11).  Accordingly, the Ohio Trust Code does not provide a basis for personal jurisdiction over Defendant.[6]  Nonetheless, the Court undertakes an analysis of the Ohio Long-Arm Statute and the Due Process Clause of the Fourteenth Amendment.  *See* O.R.C. 5802.02(C) ("This section does not preclude other methods of obtaining jurisdiction over a trustee, beneficiary, or other person receiving property from the trust.").

### B. Ohio's Long-Arm Statute

Ohio's long-arm statute provides in relevant part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

  (1) Transacting any business in this state
  …
  (3) Causing tortious injury by an act or omission in this state;
  (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
  …

---

[6] Plaintiffs argue that Defendant is conducting trust business in the State of Ohio, presumably based on her communications with Decedent's attorney and Second National Bank, which are located in Ohio.  (Doc. 24-2 at ¶ 11).  However, this does not change the presumption that the principal place of administration is in Florida.  *See, e.g.*, *Fellows v. Colburn*, 34 A.3d 552, 562–63 (N.H. 2011) (out-of-state trustees did not submit to personal jurisdiction in New Hampshire—under statutory provision parallel to ORC § 5802.02—by accepting trusteeship because plaintiffs failed to provide any evidence, other than conclusory statements, establishing that the trust's "principal place of administration" was New Hampshire); *Horn v. Horn*, No. E053148, 2012 WL 2389246, at *5 (Cal. Ct. App. June 26, 2012) (California court lacked personal jurisdiction over trustee where "principal place of administration" of trust was Texas—the place where trustee signed all trust checks—and not California—where trustee's legal and accounting advisors were located and with whom trustee communicated by phone or mail from Texas).

>  (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state…
> 
> (C) When jurisdiction over a person is based solely on this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

O.R.C. § 2307.382(A), (C).

Transacting business is defined as "to carry on business, as well as to have dealings, and . . . is farther reaching than the term contract." *Evenflo Co., Inc. v. Augustine*, No. 3:14-cv-00076, 2014 WL 3105016, at *4 (S.D. Ohio July 3, 2014) (citations and internal quotation marks omitted); *see also Brunner v. Hampson,* 441 F.3d 457, 464 (6th Cir. 2006) ("[t]he term 'transacting any business' as used in . . . the statute . . . will be given broad interpretation."). However, the out-of-state defendant must have "ongoing substantive contacts," and "the existence of a contract or simply soliciting business in Ohio is not enough." *Id.* at 10.

Two factors help determine whether an out-of-state defendant "transacted business" within the meaning of the long-arm statute. *Hitachi Med. Sys. Am., Inc. v. St. Louis Gynecology & Oncology, LLC*, No. 5:09-cv-2613, 2011 WL 711568, at *5 (N.D. Ohio Feb. 22, 2011).

> The first factor is whether the out-of-state defendant initiated the dealing. If it were the defendant who "reached out" to the forum state to create a business relationship, the defendant has transacted business within the forum state. The question of who initiates the contact, however, is but one factor to be considered and the determination is not always dependent upon who initiates the contact. . . .

8

> The second factor is "whether the parties conducted their negotiations or discussions in the forum state, or with terms affecting the forum state." If the parties negotiated in Ohio with provisions affecting Ohio, the nonresident transacted business in Ohio. However, merely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute "transacting business." "Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state."

*Id.* (citations omitted).

### 1. *Mrs. Barker in her Individual Capacity*

Mrs. Barker has not personally transacted any business in Ohio. She has resided in Florida since 1993 and she does not own any real or personal property in Ohio. (Doc. 24, Ex. 2 at ¶¶ 2, 9-10). Therefore, Mrs. Barker is no subject to personal jurisdiction under O.R.C. Section 2307.382(A)(1). Additionally, Mrs. Barker is not subject to Ohio's long-arm jurisdiction under O.R.C. Section 2307.382(A)(3) nor 2307.382(A)(6).

First, the allegation that Defendant "kidnapped" Decedent and forced him to move to Florida is not supported by any evidence. Plaintiffs' speculation does not satisfy the burden of establishing jurisdiction. *See, e.g., Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., Ltd.*, No. 08-487, 2008 WL 5190049, at *4 (S.D. Ohio Dec. 9, 2008). Plaintiffs fail to evidence any personal knowledge of the circumstances surrounding Decedent's decision to move to Florida.

Second, although Defendant denies that she removed any of Decedent's property from Ohio, the property referred to in Plaintiffs' complaint is not and never has been part of the corpus of the Trust. (Doc. 18, Ex. 3 at ¶¶ 23-24). Therefore, the alleged acts

9

attributed to Defendant are not related to, and could not have given rise to the current action, as required by the long-arm statute.

Third, both O.R.C. Sections 2307.382(A)(3) and 2307.382(A)(6) require an allegation of "tortious injury in [Ohio]" resulting from a defendant's actions, but Plaintiffs do not allege any torts against Defendant. Plaintiffs simply allege that Mrs. Barker "exerted undue influence over [Decedent's] persons [sic]." (Doc. 1 at ¶ 7). However, "undue influence" is not an independent tort in Ohio. *See Kingston Nat'l Bank v. Stulley*, No. 443, 1990 WL 155741, at *8 (Ohio Ct. App. Sept. 28, 1990) (trial court erred by giving jury instruction on undue influence that "elevate[d] what is, in essence, a challenge to a transaction or written instrument into an independent tortious cause of action").

### 2. *Mrs. Barker in her Capacity as Trustee*

Defendant's actions in her capacity as trustee do not constitute "transacting business" in Ohio under ORC Section 2307.382(A)(1). Defendant's only contact with Ohio in her capacity as Trustee has been limited to e-mails and phone calls with Eric Brand (the Decedent's attorney), and the Second National Bank, where some, but not all, of the Trust's assets are held. (Doc. 24, Ex. 2 at ¶ 11). These communications do not permit the exercise of jurisdiction in Ohio over Defendant because: (1) Plaintiffs do not allege that these communications gave rise to the current suit and even if Defendant's communications constitute "transacting business" in Ohio, they were not the proximate cause of Plaintiffs' alleged injuries and therefore do not satisfy the long-arm statute; and (2) even if this action were alleged to have arisen from the telephone calls and emails

with Mr. Brand and the Bank, Ohio courts have consistently held that telephone calls and emails sent to Ohio from outside the state, standing alone, do not constitute "transacting business" in Ohio. *See, e.g., Malone v. Berry*, 881 N.E.2d 283, 285, 289 (Ohio Ct. App. 2007) (out-of-state defendant did not "transact business" in Ohio through one-time sale made over the internet, even though he engaged in e-mail and telephone correspondence regarding the transaction with Ohio plaintiff).

Defendant has not "transacted business" in Ohio under the long-arm statute, and, therefore, the statute does not justify exercising personal jurisdiction over her in her capacity as Trustee.

### C. Constitutional Due Process[7]

The Sixth Circuit has "recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits," and has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice'" when analyzing the propriety of personal jurisdiction under Ohio's long-arm statute. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). The Sixth Circuit employs a three-prong test to determine whether specific jurisdiction can be exercised consistent with the Due Process Clause of the Fourteenth Amendment. First, "the defendant must purposefully avail himself of the privilege of

---

[7] A court can exercise personal jurisdiction over a defendant only if personal jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo, supra,* 196 Fed. App'x at 369 (emphasis added). Here, because personal jurisdiction is not afforded under Ohio law, no analysis under the U.S. Constitution is necessary – but the Court offers it as further context.

11

acting in the forum state or causing a consequence in the forum state." *S. Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968). "Second, the cause of action must arise from the defendant's activities there." *Id.* Finally, "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection to the forum to make the exercise of jurisdiction over the defendant reasonable." *Id.*

### 1. *Purposeful Availment*

Defendant has not purposely availed herself of the privilege of acting or causing a consequence in Ohio merely by acting as trustee of the Trust. Defendant is a Florida resident who administers the Trust from her home state and her alleged wrongdoing purportedly occurred in Florida. Defendant's only relevant contacts with Ohio are: (1) certain trust assets are held in an account located in Greenville, Ohio; (2) a handful of telephone calls and emails regarding the Trust with Mr. Brand and the Bank; (3) a trip to Ohio for her brother's funeral in 2014; (4) the Trust is governed by Ohio law; and (5) the original pre-amendment version of the Trust was executed by Decedent in Ohio while he was a resident of Ohio. Out-of-state trustees are not subject to jurisdiction in a state unless they purposefully avail themselves of that state's laws. *See, e.g., Vadasz v. Vadasz*, No. 10CA0084-M, 2011 WL 4790053 (Ohio Ct. App. Oct. 11, 2011). These limited contacts do not permit this Court to exercise jurisdiction over Defendant.

### 2. *Arising From*

It is also clear that the causes of action here do not "arise from" Defendant's contacts with Ohio. The "arising from" prong requires that a "plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state." *Beydoun*

12

*v. Wataniya Rests. Holdign, Q.S.C.*, 768 F.3d 499, 507-08 (6th Cir. 2014). Here, the alleged wrongful act is the amendment of the Trust. However, the Trust was amended in Florida and therefore did not proximately cause Plaintiffs' alleged injuries.[8]

### 3. *Reasonableness*

The Ohio Trust Code addresses the circumstances under which a trustee should expect to be haled into court in Ohio. *See* Ohio Revised Code Chapter 5801. To subject a trustee to jurisdiction in Ohio where that statute is not satisfied subverts the reasonable expectations of a trustee.

Accordingly, exercising personal jurisdiction over Defendant would violate the Due Process Clause of the Fourteenth Amendment.

### D. Venue

Under 28 U.S.C. § 1391(b), venue is only proper in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is not proper in this district under any of the three subsections of 28 U.S.C. § 1391(b). The first subsection is clearly inapplicable, as the Defendant resides in

---

[8] Plaintiffs also allege that Defendant kidnapped Decedent from Ohio and forced him to Florida. However, as explained *supra* in Section III.B, this allegation is not supported by any evidence.

Florida. Second, as explained *supra* in Section III.B, none of the events giving rise to the cause of action occurred in Ohio. Finally, the mere fact that certain trust assets are located in Ohio does not satisfy the third prong of 28 U.S.C. Section 1391(b)(2) (*i.e.*, where a "substantial part of property that is the subject of the action is situated.").[9]

### E. Transfer of Venue

Defendant expressly stated that "venue would clearly be proper under 28 U.S.C. § 1391(b)(1) in the Southern District of Florida, where the Defendant Mrs. Barker resides." (Doc. 24 at 15). Accordingly, rather than dismissing this case for lack of personal jurisdiction and improper venue, the Court intends to transfer this case to the Southern District of Florida.

A court may transfer a case *sua sponte* to a proper venue pursuant to 28 U.S.C. Section 1406(a), which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[10] Transfer pursuant to Section 1406(a) is permissible even where the transferor

---

[9] *See, e.g., Acree v. Acree*, No. 3:10cv417, 2010 WL 3806147, at *3 (M.D. Tenn. Aug. 24, 2010) (questioning whether the "property" clause in the venue statute could justify venue in an action based on the presence of trust property in the forum, since the alleged wrongdoing occurred elsewhere).

[10] *See, e.g., United Fin. Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp.2d 884 (N.D. Ill. 2002) (court *sua sponte* transferred action pursuant to 28 U.S.C. § 1406, where the court could not exercise personal jurisdiction over defendants, venue was improper, transferee court would have jurisdiction over all parties, and transfer was in interest of justice); *Berry v. Salter*, 179 F. Supp.2d 1345 (M.D. Ala. 2001) (*sua sponte* transfer of case was warranted where the court lacked personal jurisdiction and where the statute of limitations had run, so if the case were dismissed, plaintiff would no longer have a cause of action).

court lacks personal jurisdiction over the defendant as long as the transferor court has subject matter jurisdiction over the claims. *NAACP-Special Contributions Fund v. Jones*, 732 F. Supp. 791,797 (N.D. Ohio 1990). However, "[a] court considering *sua sponte* transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter." *Abuhouran v. R.L. Morrison*, No. 4:06cv1207, 2007 U.S. Dist. LEXIS 88202, at *1 (N.D. Ohio Nov. 30, 2007) (citing *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006)).[11]

This Court does not have personal jurisdiction over the Defendant and finds that transfer, rather than dismissal, furthers the interests of justice.

## V. CONCLUSION

For these reasons, Defendant Nancy Barker's motion to dismiss for lack of personal jurisdiction and improper venue (Doc. 24) is **GRANTED IN PART** and **DENIED IN PART** as explained herein. The parties have **14 days** from the date of this Order to show cause why this civil action should not be transferred to the U.S. District Court for the Southern District of Florida, where the action could originally have been brought and where the actions giving rise to the claims occurred. Absent any meritorious objections, the Court shall *sua sponte* transfer this case.[12]

---

[11] *See also* 15 CHARLES ALLAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE at §§ 3844, 3847-48 (2d ed. 2005) (a court considering *sua sponte* transfer of a case "should make that possibility known to the parties so that they may present their views about the transfer").

[12] Neither this Order, nor any subsequent change in venue, affects the parties' Agreed Order. (Doc. 5). That Order requires the parties to maintain the status quo of the Trust until a district court addresses the merits of the motion for preliminary injunction. (*See* Doc. 2).

**IT IS SO ORDERED**.

Date: 1/28/16  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge